REQUESTED BY: Marilyn Hasselbach, Nebraska Real Estate Appraiser Board
You have asked whether the Real Estate Appraiser Board has authority to investigate an alleged violation of Neb. Rev. Stat. §76-2221(2) (1999 Supp.) and, if not, which agency does.
We believe the answer depends upon what the alleged violation is.
Neb. Rev. Stat. § 76-2221(2) creates an exemption from the Real Estate Appraiser Act for broker's price opinions or comparative market analyses. According to the definitions in the Act, these are opinions of the "price" of interests of real estate or real property for the purpose of listing, purchase, or sale. Another criterion is that the opinion or analysis be provided by a person licensed under the Nebraska Real Estate License Act who is acting in the ordinary course of business. Neb. Rev. Stat. §§ 76-2209 and 2211(1999 Supp.). Section 76-2221(2) indicates that the opinion or analysis shall not be referred to as an appraisal. Other than a commission or fee charged in connection with the sale of the real estate involved, no fee may be charged for the opinion or analysis unless the opinion or analysis is in writing and includes a number of disclosures.
As may be seen, there are a variety of things which could be characterized as "violations" of § 76-2221(2). A realtor or broker could refer to his analysis as an appraisal. A person not licensed under the Real Estate License Act could purport to give a "broker's price opinion" or "comparative market analysis." A realtor or broker could issue an analysis or opinion for a purpose other than assisting prospective sellers or buyers in deciding the price of the property involved. A realtor or broker may have charged a fee for the service without including all the requisite disclosures or without putting the analysis or opinion in writing.
Because of the way § 76-2221(2) is written, this exception from the Real Estate Appraiser Act would probably only come into play if the evaluation in question fit the statutory definition of a broker's price opinion or comparative market analysis. Basically what this means is that the person giving the opinion must be licensed under the Real Estate License Act and the evaluation of the price must be made for the purpose of listing, purchase or sale. Also, the exception would not apply if the realtor or broker refers to his price opinion as an appraisal. If the evaluation doesn't meet these criteria, if no other exception applies, and if the evaluation fits within the Real Estate Appraiser Act's definition of real estate appraisal activity (Neb. Rev. Stat. §76-2215 (1996)), then it would probably be prohibited by Neb. Rev. Stat. § 76-2246 (1996). This statute makes it a Class III misdemeanor to engage in real estate appraisal activity without a proper license. Ordinarily, the investigation of criminal matters would be left to law enforcement authorities. The Board's statutory oversight is generally focused upon persons who have been licensed or certified by the Board. Neb. Rev. Stat. §§76-2239 and 2240 (1996). However, basic investigative work to determine whether there are sufficient grounds to refer the matter for prosecution or for criminal investigation is probably a defensible exercise of the Board's authority. An example of a case the Board may want to refer for prosecution would be an instance where a non-appraiser broker charged a fee for his opinion of the value of an interest in real estate and did so for the purpose of supporting a loan application.
Assuming that the price opinion meets the definition of a broker's price opinion or comparative market analysis, failure to meet §76-2221(2)'s further stipulation that no fee be charged unless the price opinion is put in writing and accompanied by the necessary disclosures would probably not be actionable under the Real Estate Appraiser Act. We have reached this conclusion for a couple of reasons. Foremost is the fact that the price opinions, even with such failings, would still meet the definition of a broker's price opinion or comparative market analysis. There is no clear sanction within the Real Estate Appraiser Act for violation of these particular mandates. Contributing to our conclusion is the last sentence of the disclosure which is required where a fee is charged for the opinion or analysis. The sentence reads, "This opinion or analysis is not governed by the Real Estate Appraiser Act, but is subject to enforcement through the Nebraska Real Estate License Act." We would take this as an indication that the Legislature envisioned that shortcomings in broker's price opinions or comparative market analyses would be dealt with by the Real Estate Commission and not the Real Estate Appraiser Board. There is a practical advantage to this interpretation, too. The Real Estate Commission would have authority over the license of a realtor or broker, which is something that the Appraiser Board lacks.
The legislative history of the bill which created this exception tends to support our conclusion but it, too, is a bit unclear on this point. As originally proposed, the bill would have amended Neb. Rev. Stat. § 81-885.24 to provide that it is a sanctionable unfair trade practice for a realtor or broker to charge for his opinion or analysis unless the evaluation is set forth in writing and accompanied by the requisite disclosure statement. Banking, Insurance Commerce Committee Records on LB 618, 96th Legis., 1st Sess. (Committee Book #3). The bill encountered opposition at the Committee level, with concerns primarily involving the potential that such opinions and analyses would be misused and the lack of clarity as to how such things would be policed. Id. at pp. 69-86. The opposition dissolved with the amendment of the bill. One of the changes made was to eliminate the proposed revision to Neb. Rev. Stat. § 81-885.24. The deletion of the proposed change to §81-885.24 could be relied upon to support an argument that it was not intended that the Real Estate Commission have any enforcement role. However, we do not believe that this would be a correct understanding of that action. After Sen. Landis discussed what had transpired in committee, the following discussion occurred:
 Sen. Dierks: "Okay, then how is this governed? Who supervises the changes? Is that the realtor board or who?"
 Sen. Landis: "It is. . . .Understand that people who would be doing these things would fall under the brokers' provisions and, therefore would be subject to the Real Estate Commission's enforcement powers, including. . .the right to take away the authority to do this."
 Sen. Dierks: "So the Real Estate Commission's going to take on these extra duties[?]"
Sen. Landis: "They will."
Floor Debate on LB 618 and AM 0349, 96th Neb. Leg., 1st Sess. 3362-3363 (4-1-99). Therefore, we believe the better view to be that a substantial portion of the oversight authority rests with the Real Estate Commission.
We suspect you want to know how this division of authority would work in the case that triggered your inquiry. That case involved a written opinion of value tendered by a salesperson for a commercial real estate firm. The opinion had earmarks of an appraisal and lacked the disclosure statement. The Board had referred the matter to the Real Estate Commission, which replied that it did not administer the law, apparently referring to §76-2221(2). Since that section appears within the Real Estate Appraiser Act, one can appreciate the Commission's reluctance to interpret its provisions. However, we note that the Commission did act upon the matter you referred and determined that it was not necessary for the broker or realtor to include the statutory disclosure where no fee had been charged for his opinion. This would be true if the evaluation in question was, indeed, a broker's price opinion or a comparative market analysis. But as the materials you supplied show, the individual used multiple approaches to value traditionally associated with appraisal work. He labeled it as an "Opinion of Value," not an opinion of price. The legislative history indicates this is an important distinction between the work of a realtor and the product of an appraiser. Plus, the written evaluation was apparently presented to a county assessor in support of a tax appeal. This could indicate that it was not given for the purpose of listing, purchase, or sale, as would be necessary for it to meet the definition of a broker's price opinion or comparative market analysis. Therefore, it was not merely the fact that no fee was charged which relieved the evaluator from the obligation to include the § 76-2221(2) disclosure, it was also the fact that what he tendered did not even constitute a broker's price opinion or comparative market analysis.
Since the realtor's product looks more like an appraisal, we will consider whether it is regulated under the Real Estate Appraiser Act. The Act addresses appraisals by unlicensed individuals in Neb. Rev. Stat. §§ 76-2245 and 76-2246 (1996). The former precludes a collection action for the appraisal work. Section76-2246, as previously noted, makes it a misdemeanor to engage in regulated real estate appraisal activity without being credentialed. "Real estate appraisal activity shall mean the act or process of making an appraisal and preparing an apprisal reportfor a fee or other valuable consideration." Neb. Rev. Stat. §76-2215 (1996). The Real Estate Commission found that no fee had been charged for the service. Consequently, it would not appear to be regulated under the Real Estate Appraiser Act. Even if a fee had been charged, it appears an exemption other than the one found in § 76-2221(2) may apply. Insofar as the materials submitted to our office show, the only use made of the written evaluation was in a tax appeal. Neb. Rev. Stat. § 76-2221(5) (1999 Supp.) indicates the Act does not apply to a person who renders an estimate or opinion of value of real estate or interest in real estate when it is for the purpose of real estate taxation. This has been interpreted to apply not only to those who make the taxing decision, but also to Property Tax Consultants. Op. Att'y Gen. No. 97003 (Jan. 8, 1997). That the consultant may have been a realtor would make no difference insofar as the Real Estate Appraiser Act is concerned. Therefore, based upon the facts as they appear in your submission, the realtor's valuation would not be regulated under the Real Estate Appraiser Act.
Sincerely,
Don Stenberg Attorney General
Mark D. Starr Assistant Attorney General